UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIASAR B. CERVANTES,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. CV 07-1888 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

    Eliasar Cervantes filed this action on March 23, 2007. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the Magistrate Judge on April 3 and 10, 2007. On March 3, 2008, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this Opinion.

///

///

///

///

# I.

# PROCEDURAL BACKGROUND

On July 14, 2004, Cervantes filed an application for supplemental security income benefits, which the Commissioner initially denied.  A.R. 41-44, 21-26.  On July 27, 2006, an Administrative Law Judge ("ALJ") conducted a hearing at which Cervantes and a vocational expert ("VE") testified.  A.R. 141-158.  On September 29, 2005, the ALJ issued a decision denying benefits.  A.R. 15-19.  On January 24, 2007, the Appeals Council denied Cervantes' request for review.  A.R. 5-8.

This lawsuit followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

**A.     Definition of Disability**

"A person qualifies as disabled, and thereby eligible for such benefits, only

if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

### B. The ALJ's Findings

Cervantes has a severe impairment of PTSD (post-traumatic stress disorder). A.R. 18, 16. Cervantes has the residual functional capacity to perform "an unlimited exertional RFC with preclusion from detailed or complex instructions and the need to work by herself with little or no public contact." A.R. 18. She has no past relevant work, but she can perform the work of a night-time janitor. *Id.*

### C. Whether Cervantes can Perform the Work of a Night Janitor

The Dictionary of Occupational Titles ("DOT") raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

"When a VE . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE . . . evidence and information provided in the DOT." Social Security Ruling ("SSR") 00-4p[1] (available at 2000 WL 1898704, *4). The ALJ must ask the vocational expert "if the evidence he or she has provided conflicts with information provided in the DOT" and, if there is a conflict, "obtain a reasonable explanation for any apparent conflict." *Id.*

///

---

[1] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citation and footnotes omitted).

"[A]n ALJ may [not] rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the *Dictionary of Occupational Titles*." *Massachi v. Astrue*, 486 F.3d 1149, 1152, (9th Cir. 2007) (footnote omitted) (emphasis on original). SSR 00-4p requires the ALJ to "first determine whether a conflict exists" between the DOT and the vocational expert's testimony, and "then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Id.* at 1153.

In evaluating the vocational expert's explanation for the conflict, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435. The ALJ's explanation is satisfactory if the ALJ's factual findings support a deviation from the DOT and "persuasive testimony of available job categories" matches "the specific requirements of a designated occupation with the specific abilities and limitations of the claimant." *Id.* at 1435.

Remand may not be necessary if the procedural error is harmless, *i.e.*, when there is no conflict or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflicts. *Massachi*, 486 F.3d at 1154 n.19.

Just as in *Massachi*, the ALJ in this case did not ask the VE whether his testimony conflicted with the DOT and, if so, whether there was a reasonable explanation for the conflict. A.R. 157.

The ALJ found that Cervantes could not perform "detailed or complex instructions."[2] A.R. 18. The ALJ's hypothetical to the VE imposed a limitation to "[w]ork that does not involve detailed or a requirement to remember or carry out

---

[2] Complex means "composed of two or more parts," whereas "simple" means "readily understood or performed" as in "simple directions." Merriam-Webster Online Dictionary (available at http://www.merriam-webster.com/dictionary).

4

detailed or complex instructions." A.R. 156. The only job the VE identified that supposedly fit that limitation (plus Cervantes' other limitations) was night-time janitor. A.R. 157.

Cervantes argues that there is a conflict between the VE's testimony and the DOT. Janitor is described in the DOT at 382.664-010. JS Exh. 1. The DOT states that the janitorial job requires reasoning at Level 3, defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *Id.* Cervantes argues that Level 3 exceeds the ALJ's RFC assessment that she cannot perform detailed or complex instructions. Each higher numbered reasoning level is more demanding than the lower level. Level 2 is described as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT, Appendix C (JS Exh. 2);[3] *see also Allen v. Barnhart*, 2003 WL 22159050, *2 (N.D. Cal. 2003) ("The need to follow 'detailed' and 'involved' instructions [described in Level 2] exceeds the ALJ's limitation of plaintiff to 'simple, routine tasks.'"); *Flagg v. Barnhart*, 2004 WL 2677208, *5 (D. Me. 2004) ("a claimant limited to the performance of jobs entailing only simple instructions . . . would be incapable of performing any of the jobs . . ., all of which have General Educational Development . . . reasoning levels of 2 or 3") (citation omitted).

There is a sufficient conflict between the VE's testimony and the DOT to have required the ALJ to ask the VE whether his testimony conflicted with the DOT and, if so, whether there was a reasonable explanation for any conflict.

///

---

[3] Level 1 is the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT, Appendix C (JS Ex. 2).

*Massachi*, 486 F.3d at 1153.  On this record, the Court cannot find that any procedural error was harmless.

Under these circumstances, the Ninth Circuit held that "we cannot determine whether the ALJ properly relied on [the vocational expert's] testimony." *Id.* at 1154 (footnoted omitted).  Further, "we cannot determine whether substantial evidence supports the ALJ's step-five finding that Massachi could perform other work." *Id.*  The remedy, according to the Ninth Circuit, is "to remand this case so that the ALJ can perform the appropriate inquiries under SSR 00-4p." *Id.*

## IV.
## ORDER

IT IS HEREBY ORDERED that the matter is remanded for further proceedings at Step Five of the sequential analysis consistent with this Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 16, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge